```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | | |
|---|---|---|
| ANTHONY FINERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV332 HEA |
| | ) | |
| VALUE CITY FURNITURE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration #162971), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $21.47. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of jurisdiction.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $107.33, and an average monthly balance of $4.62. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $21.47, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at ERDCC, sues Value City Furniture for "breach of contract and deprivation of property." Plaintiff also states that defendant may have acted with "negligence" and could be subject to a tort action. Without any explanation in his complaint for his jurisdictional choice, plaintiff asserts that his claims arise under 28 USC § 1343(a)(3) and 42 U.S.C. §§ 1981 and 1982. He states that he is a resident of the state of Missouri and that defendant Value City Furniture is a "legal corporation acting in the State of Missouri."

Plaintiff claims that in October of 2012 through January of 2013, plaintiff purchased from defendant living room and bedroom furniture in an amount equal to $1,404.00. Plaintiff claims he finished paying for the furniture in January of 2013 and that defendant was "holding the merchandise in their warehouse located at 3715 N. Lindbergh Blvd. for the petitioner to pick up. . . until petitioner's new home was ready to move in." Plaintiff claims that he was arrested on March 1, 2013 in St. Louis County. He states that defendant, approximately one month later, gave his merchandise to "another customer or a person without petitioner's consent while petitioner was still incarcerated."

Plaintiff states that he contacted defendant and asked for a refund of the $1,404.00, and he was told that it was his responsibility to either pursue the matter with the person who picked up the furniture or to contact the police regarding the matter.

**Discussion**

Plaintiff has not properly pleaded jurisdiction for this matter under the federal statutes cited in his complaint. Sections 1981 and 1982 of Title 42 enumerate the rights and immunities intended to be guaranteed by the Constitution. Strauder v. State of West Virginia, 100 U.S. 303 (1879). To that end, these sections of Title 42 of the United States Code protect against discrimination on the basis of race or alienage and deal with the protection of a limited range of civil rights, including the right to make and enforce contracts and to sue and to give evidence, and they are directed at the **racially motivated** misuse of governmental power. See Schroeder v. Illinois, 354 F.2d 561, 562 (7th Cir. 1965); Agnew v. City of Compton, 230 F.2d 226 (9th Cir. 1956) ("The plain purpose of these statutes [§§ 1981 and 1982] is to provide for equality of rights as between persons of different races. The complaint under review does not allege that appellant was deprived of any right which, under similar circumstances, would have been accorded of a person of a different race. It follows that no cause of action is stated under these sections.").[1]

Plaintiff has not pleaded that he was subjected to discrimination on the basis of his race. In fact, he has not even pleaded his race in this action or his belief that his race was a motivating or deliberative factor in any of the decisions allegedly made by defendant. Rather, plaintiff's allegations sound as either a plain breach of contract, or as plaintiff has articulated, negligence in release of goods to the wrong person. As articulated, plaintiff's allegations are nothing more than state law claims for relief. As such, plaintiff has not adequately pleaded jurisdiction under 42 U.S.C. §§ 1981 or 1982.

---

[1] Accordingly to establish a claim under § 1981, a plaintiff must allege that he is a member of a racial minority, that the defendant intentionally discriminated against the plaintiff on the basis of race, and that the discrimination related to the activities enumerated in the statute. See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2nd Cir. 1993). And, to establish a claim under § 1982, a plaintiff must demonstrate that the defendant intentionally discriminated against the plaintiff on the basis of race in the sale or rental of property. See Jones v. Alfred H. Mayer Co., 392 U.S. 409, 421-22 (1968); Asbury v. Brougham, 866 F.2d 1276, 1279 (10th Cir. 1989).

Similarly, plaintiff has not articulated a means for jurisdiction under 28 USC § 1343(a)(3). In order to show jurisdiction under § 1343(a)(3), plaintiff is required to show a "deprivation of a federal right." See Burnham v. Department of Public Health of State of Ga., 349 F.Supp. 1335 (N.D. Ga. 1972); see also, Nouse v. Nouse, 450 F.Supp. 97, 99 (D.C. Md. 1978) (In order for jurisdiction to exist under 28 U.S.C. § 1343, the jurisdictional counterpart of certain post-Civil War civil rights statutes, the "complaint must at a minimum seek recovery under the substantive statutes to which §1343 relates."). In other words, jurisdiction is not created in and of itself under § 1343, but only through one of the substantive statutes to which § 1343 relates. See Howell v. Cataldi, 464 F.2d 272 (3rd Cir. 1972).

As there is no other basis for federal court jurisdiction outlined in plaintiff's complaint, and the Court finds that diversity jurisdiction under 28 U.S.C. § 1332 is lacking, the Court must dismiss this action for lack of jurisdiction pursuant to Fed.R.Civ.P.12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $21.47 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this Court lacks jurisdiction over plaintiff's complaint. See Fed.R.Civ.P.12(h)(3).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of March, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE